UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v.

LORENZO MCCRAY

Case No. 2:19-CR-20185-TGB

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☑ GRANTED

☑ The defendant's previously imposed sentence of imprisonment of ____36 MONTHS____ is reduced to ____18 MONTHS____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☐ DENIED after complete review of the motion on the merits.

☑ FACTORS CONSIDERED (Optional)
SEE ADDENDUM

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

    IT IS SO ORDERED.

:

                                          s/Terrence G. Berg
                                          UNITED STATES DISTRICT JUDGE

Dated: December 7, 2021

## ADDENDUM

18 U.S.C. § 3582(c)(1)(A) allows for judicial modification of an imposed term of imprisonment, after consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), when three criteria have been met: (1) the defendant has first exhausted all administrative remedies with the Bureau of Prisons; (2) "extraordinary and compelling reasons warrant such a reduction"; and (3) the reduction is consistent with the "applicable policy statements issued by the Sentencing Commission."

Prior to the promulgation of the First Step Act, only the Bureau of Prisons could move for compassionate release, upon a finding that extraordinary and compelling reasons supported a sentence reduction. The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to seek compassionate release on his own behalf, the purpose of which was to expand the use of compassionate release.

Congress did not define the "extraordinary and compelling reasons" justifying a sentence reduction under § 3582(c)(1)(A), but delegated that responsibility to the Sentencing Commission, with the directive that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). The Sentencing

Commission promulgated a policy statement, U.S.S.G. § 1B1.13, and accompanying application notes. The application notes provide that "extraordinary and compelling reasons exist" as a result of the defendant's (1) serious medical condition; (2) advanced age and health; (3) family circumstances; or (4) "other reasons ... "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. 1.

McCray seeks compassionate release based upon the "other reasons" catch-all provision. In his case, the BOP has not recommended a sentence reduction, and the Sixth Circuit recently established that district courts have "full discretion to define 'extraordinary and compelling' without consulting the policy statement Section 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020); see also *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *United States v. Hampton*, N. 20-3649, 2021 WL 164831, at *1–2 (6th Cir. Jan 19, 2021).

With full discretion, district courts have considered—and the Sixth Circuit has affirmed—circumstances outside of the enumerated § 1B1.13 factors, such as changes to non-retroactive sentencing guidelines and length of sentences. *See United States v. Owens*, 996 F.3d 755 (6th Cir. 2021) (affirming that district court could consider First Step Act's

2

changes to sentencing guidelines for possession-of-firearms violations as an extraordinary and compelling reason for compassionate release); *United States v. Baker*, 2020 WL 4696594, at *4 (E.D. Mich. Aug. 13, 2020) (finding that the defendant's rehabilitation, his youth at the time of sentence, the length of his sentence, and the disparity between those sentenced before and after the First Step Act constituted extraordinary and compelling reasons); *United States v. Pollard*, 2020 WL 4674126, at *7 (E.D. Pa. Aug. 12, 2020) (finding extraordinary and compelling reasons based on "the dramatic difference in the sentence Pollard would face if charged today, the evidence of rehabilitation and productive use of time while incarcerated, his stated plans for gainful employment upon release, and his lack of a prior criminal history").

The Government and the Defendant agree that McCray has met the administrative exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A) because it has been more than thirty days since his formal request was filed with the BOP. ECF No. 166; ECF No. 171, PageID.832.

The parties also agree that in imposing a 36-month sentence, the Court expressed on the record and in the judgment its intent that McCray would receive credit for the time that he was in federal custody on the

3

underlying federal offense, and that the sentence would run concurrent to any sentence for violation of state parole. ECF No. 128, PageID.592; ECF No. 171, PageID.832. An order of federal detention was entered, based on McCray's consent, on April 4, 2019. ECF No. 25. Unfortunately, the Bureau of Prisons has indicated that McCray's release date is April 29, 2023, more than four years after McCray consented to federal detention on this case. This release date would effectively add 12 months to the sentence that the Defendant, the government, and the Court understood to be imposed. Under the unusual circumstances presented here, extraordinary and compelling reasons exist to reduce McCray's sentence to ensure that the original intention of the Court, and the expectations of both the government and the Defendant, are fulfilled. In considering the factors of 18 U.S.C. § 3553, the Court finds that reducing the Defendant's sentence so that it comports with the express judgment of the Court is consistent with of the goals of sentencing, including the need to impose a just sentence, protect the public, and avoid unwarranted sentencing disparities. Accordingly, the Court finds that sufficient grounds have been set forth to reduce Defendant's sentence to a term of 18 months. Upon motion of Defendant Lorenzo McCray for a reduction in sentence under

4

5

18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, **IT IS ORDERED** that the motion is **GRANTED.**